# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| APEX BENEFITS GROUP, INC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CIVIL ACTION NO.: 1:18-cv-152-WTL-JMD ) |
| ERIC DREYFUS | ) ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND COUNTERCLAIM

Defendant Eric Dreyfus, by counsel Delk McNally LLP, for his Answer to Plaintiff's First Amended Complaint for Damages and Injunctive Relief, states:

## NATURE OF THE CASE

1. After plotting to join a competitor, accepting a written offer of employment from a competitor on December 15, 2017, and secretly harvesting Apex trade secrets, Dreyfus abruptly resigned his employment with Apex on December 29, 2017 to work for a competitor of Apex, Assured Partners of Indiana, Inc. ("Assured Partners"). Dreyfus misappropriated, and continues to misappropriate, Apex' trade secrets. In addition, Dreyfus breached fiduciary duties to Apex, violated federal and state computer tampering laws, breached and is breaching restrictive covenants, and has defamed Apex.

**ANSWER:** Defendant admits that he accepted a written offer of employment on December 15, 2017 from a competitor of Apex and that he resigned from Apex on December 29, 2017. Defendant denies the remaining allegations set forth in Paragraph 1.

## PARTIES

2. Apex is a corporation incorporated under the laws of Indiana and whose principal place of business is in Indianapolis and conducting business in interstate commerce.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 2.

3. Dreyfus is a citizen of Indiana and holds professional licenses to sell insurance products in Indiana and Ohio.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 3.

## JURISDICTION AND VENUE

4. Subject-matter jurisdiction exists as federal question jurisdiction is present pursuant to 28 U.S.C. § 1331, as this action arises in part under both the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq., and the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030; supplemental jurisdiction exists over the State-law claims pursuant to 28 U.S.C. § 1367 because all supplemental state law claims arise out of the same case or controversy as the federal claims over which this Court has original jurisdiction.

**ANSWER:** Paragraph 4 calls for a legal conclusion to which no response is required.

5. This Court has personal jurisdiction over Dreyfus because Dreyfus is a resident of this State and District, and because this action arises from Dreyfus' knowing and intentional breach of obligations owed to Apex while acting within and causing injury within this State and District.

**ANSWER:** Defendant admits that he is a resident of the state of Indiana, and that he resides in the Southern District of Indiana. Defendant denies the remaining allegations set forth in Paragraph 5.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in this District because Dreyfus

resides in this District and because a substantial part of the events giving rise to this action occurred in this District.

**ANSWER:** Defendant admits that he is a resident of the state of Indiana, and that he resides in the Southern District of Indiana. Defendant denies the remaining allegations set forth in Paragraph 6.

## FACTS COMMON TO ALL COUNTS

7. Paragraphs 1-6 are incorporated by reference.

**ANSWER:** Defendant incorporates his Answers to Paragraphs 1-6 by reference.

8. Apex is a leading provider of strategic employee benefits consulting and brokerage services to employers. Apex is located in Indianapolis, Indiana, and conducts substantial business in Indiana, adjoining states, and in interstate commerce.

**ANSWER**: Defendant admits that Apex is located in Indianapolis, Indiana, and that it services customers based in Indiana, some of which have operations outside of the state of Indiana. Defendant denies the remaining allegations set forth in Paragraph 8.

9. Assured Partners is a direct competitor of Apex in the provision of employee benefits consulting and brokerage services, and also conducts substantial business in Indiana and in interstate commerce.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 9.

10. In January 2014, Apex hired Dreyfus as Senior Benefits Advisor. In that position, Dreyfus was responsible for promoting and selling Apex' products and services to new and existing clients. Dreyfus was in that position until his departure on December 29, 2017.

**ANSWER:** Defendant admits that his employment with Apex began in January 2014 and that he was a Senior Benefits advisor, and that he departed on December 29, 2017. However, Defendant denies the remaining allegations set forth in Paragraph 10 as his position

3

changed over time.

11. Apex assigned several client accounts to Dreyfus totaling more than $1.8 million in business annually. Dreyfus conducted business in interstate commerce.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 11.

12. Dreyfus was highly compensated by Apex.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 12.

13. Dreyfus is bound by trade secret laws, restrictive covenants, and legal obligations that survive the termination of his employment with Apex.

**ANSWER:** Paragraph 13 calls for a legal conclusion to which no response is required, to the extent a response is required, Defendant admits that he is subject to the laws of the state of Indiana and the United States of America. Defendant denies the remaining allegations set forth in Paragraph 13.

14. Dreyfus had significant performance problems, and had been counselled on these problems. On December 14, 2017, Dreyfus received a final written warning from Apex due to his ongoing performance issues, including violation of Apex policies, misrepresentation, and insubordination.

**ANSWER:** Defendant admits that on December 14, 2017, he received a written warning that his employment was in jeopardy. Defendant denies the remaining allegations set forth in Paragraph 14.

15. On December 13 and 14, 2017, Dreyfus secretly connected three separate flash drives to his Apex computer and downloaded massive amounts of Apex confidential and protected trade secret information (the "Confidential Information"). The Confidential Information copied by Dreyfus constitutes proprietary, non-public information of Apex that has significant value. There was no legitimate business reason for Dreyfus to copy this data onto the

flash drives. The Confidential Information is used in interstate commerce.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 15.

16. Despite requests to return them, Dreyfus has not returned all of the aforementioned flashdrives onto which Apex' trade secret information was copied, nor accounted for any potential subsequent duplication or transmittal of such information as requested.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 16.

17. By letter dated December 14, 2017, Dreyfus received from Assured Partners' Managing Director, Judd Feldman, a formal written offer of employment in the position of Vice President/Senior Client Advisor. This was unknown to Apex at the time and not discovered until recently post-separation; Dreyfus was upon information and belief engaged in employment discussions with Assured Partners prior to December 13 and 14 when he downloaded confidential, trade secret information to flashdrives.

**ANSWER:** Defendant admits that he received an offer of employment from Judd Feldman of Assured Partners on or about December 14, 2017. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the statements regarding Apex's knowledge, and therefore denies same. Defendant denies the remaining allegations set forth in Paragraph 17.

18. Dreyfus subsequently accepted Assured Partners' offer of employment on December 15, 2017, and while still employed by Apex and before notifying Apex of his impending departure, impermissibly solicited other Apex employees to leave Apex to work for Assured Partners.

**ANSWER:** Defendant admits that he accepted Assured Partners' offer of employment on December 15, 2017. Defendant denies the remaining allegations set forth in Paragraph 18.

19. Subject to reasonable opportunity for investigation and discovery, Dreyfus impermissibly solicited several Apex clients prior to his departure and prior to notifying Apex thereof, to switch their business to Assured Partners.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 19.

20. Dreyfus abruptly resigned from Apex on December 29, 2017, without having provided any advance notice of his departure to Apex. Prior to resigning that day, Dreyfus accessed substantial confidential electronic data of Apex, on an almost daily basis from the date of the Assured Partners offer letter of December 14 through and including the date of his resignation and departure, December 29, a day on which he accessed multiple confidential items through his Apex laptop connected to the Apex system.

**ANSWER:** Defendant admits that he resigned from Apex on December 29, 2017 and that he did not provide notice to Apex prior to that date. Defendant further admits that he continued to work for Apex up to and including the date of his resignation and that his work required him to access information that might be considered confidential. Defendant denies the remaining allegations and inferences of Paragraph 20.

21. Since his resignation from Apex, Dreyfus has solicited and continues to contact, call, communicate electronically with, and solicit Apex employees and clients in order to benefit both himself and Assured Partners.

**ANSWER:** Defendant denies that he has improperly contacted, called, communicated electronically with, or solicited any Apex employees or clients.

22. Also since his resignation from Apex, Dreyfus has communicated disparaging falsehoods in an effort to induce a loss of faith in Apex and diversion of business to him at Assured Partners.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 22.

23. Prior to filing this lawsuit, Apex made written demands upon Dreyfus and Assured Partners for him to cease-and-desist his illegal conduct, for return of all Apex property and data, for an accounting of all contacts with Apex employees and customers, and for an inventory of and inspection of all electronic devices. Dreyfus failed to respond to these requests or otherwise honor his legal obligations to Apex.

**ANSWER:** Defendant admits that Apex made written demands on Dreyfus and Assured Partners and that Defendant did not respond directly to these demands. Defendant denies the remaining allegations set forth in Paragraph 23.

24. Apex has been irreparably damaged and continues to be irreparably damaged by Dreyfus' illegal conduct.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 24.

25. Apex has invested significant attorneys' fees and costs to investigate and seek to stop Dreyfus' illegal conduct.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 25.

## SPECIFIC COUNTS

### Count I – Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq.

26. Apex repeats and realleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

**ANSWER:** Defendant incorporates his Answers to Paragraphs 1-25 by reference.

27. Apex developed and maintained substantial trade secrets related to products or services that it uses and intends to use in interstate commerce.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 27 and therefore denies same.

28. Under DTSA, Dreyfus has a duty not to misappropriate information he knows or has reason to know is trade secret information.

**ANSWER:** Paragraph 28 calls for a legal conclusion to which no response is required.

29. Dreyfus knew or had reason to know that the Confidential Information was trade secret information related to products or services used and/or intended for use in interstate commerce.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 29.

30. Dreyfus misappropriated Apex trade secrets related to products or services used or intended to be used in instate commerce by copying the Confidential Information with no legitimate business purpose during his employment with Apex, and by continuing to possess Confidential Information after his employment with Apex terminated.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 30.

31. Dreyfus' conduct was willful.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 31.

32. Apex has been damaged by Dreyfus' misappropriation of trade secrets.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 32.

## Count II – Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

33. Apex repeats and realleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

**ANSWER:** Defendant incorporates his Answers to Paragraphs 1-32 by reference.

34. Apex' internal network and related company-owned electronic devices, accounts, and databases are "protected computers" under the Computer Fraud and Abuse Act.

**ANSWER:** Paragraph 34 calls for a legal conclusion to which no response is required.

35. Dreyfus knowingly and intentionally accessed Apex' internal network and company-owned computer without authorization and/or in excess of his authorized access, with an intent to defraud Apex and with an intent to misappropriate its confidential, proprietary, and trade secret information for use in competition against Apex following resignation of his employment.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 35.

36. As a direct and proximate result of Dreyfus' unauthorized access to its internal network and company-owned computer, and subsequent misappropriation of its confidential, proprietary and trade secret information, Apex has suffered and will continue to suffer losses in excess of $5,000 during the applicable one-year period. Apex states a claim under 18 U.S.C. § 1030(g).

**ANSWER:** Defendant denies the allegations set forth in Paragraph 36.

**Count III – Indiana Uniform Trade Secrets Act, Ind. Code Ann. § 24-2-3-1 et seq.**

37. Apex repeats and realleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

**ANSWER:** Defendant incorporates his Answers to Paragraphs 1-36 by reference.

38. Apex developed and maintained substantial trade secrets.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 38 and therefore denies same.

39. Under IUTSA, Dreyfus has a duty not to misappropriate information he knows or has reason to know is trade secret information.

**ANSWER:** Paragraph 39 calls for a legal conclusion to which no response is required.

40. Dreyfus misappropriated Apex trade secrets by copying the Confidential Information with no legitimate business purpose during his employment with Apex, and by continuing to possess the Confidential Information after his employment with Apex terminated.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 40.

41. Dreyfus' conduct was willful.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 41.

42. Apex has been damaged by Dreyfus' misappropriation of trade secrets.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 42.

### Count IV – Indiana Computer Trespass Law, Ind. Code Ann. § 34-43-2-3.

43. Apex repeats and realleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

**ANSWER:** Defendant incorporates his Answers to Paragraphs 1-42 by reference

44. Apex' internal network and company-owned computers constitute "computer systems" and "computer networks under the Indiana Computer Trespass law.

**ANSWER:** Paragraph 44 calls for a legal conclusion to which no response is required.

45. Dreyfus knowingly and intentionally accessed Apex' internal network and company-owned computer without the consent of Apex when he accessed and misappropriated its confidential, proprietary, and trade secret information from Apex' internal network and/or Apex' company-owned computer.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 45.

46. Apex has been damaged by Dreyfus' violation of the Indiana Computer Trespass law and subsequent misappropriation of its trade secret information thereby.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 46.

47. Dreyfus' violation of the Indiana Computer Trespass law falls within Indiana's Victim's Recovery Act, Ind. Code Ann. § 34-24-3-1, entitling Apex to treble damages and attorney's fees.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 47.

### Count V – Conversion.

48. Apex repeats and realleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

**ANSWER:** Defendant incorporates his Answers to Paragraphs 1-47 by reference.

49. Dreyfus converted Apex property while employed by downloading Apex information with no legitimate business purpose during his employment with Apex, and by continuing to possess the Apex property after his employment with Apex terminated.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 49.

50. Dreyfus has failed despite requests to return all Apex property.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 50.

51. Apex has been damaged by Dreyfus' conversion of Apex property.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 51.

52. Dreyfus' conversion of Apex property falls within Indiana's Victim's Recovery Act, Ind. Code Ann. § 34-24-3-1, entitling Apex to treble damages and attorney's fees.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 52.

### Count VI – Breach of Covenants (Non-Solicitation)

53. Apex repeats and realleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

**ANSWER:** Defendant incorporates his Answers to Paragraphs 1-53 by reference

54. Dreyfus is bound by post-employment restrictive covenants with Apex.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 54.

55. Dreyfus has solicited, and continues to solicit, both Apex employees and Apex clients and prospective clients in violation of that agreement.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 55.

56. Apex has been damages as a result of Dreyfus' breaches.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 56.

### Count VII – Breach of Fiduciary Duty and Duty of Loyalty.

57. Apex repeats and realleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

**ANSWER:** Defendant incorporates his Answers to Paragraphs 1-56 by reference.

58. While Dreyfus was employed by Apex, Dreyfus owed Apex a fiduciary duty and duty of loyalty to refrain from acting in any manner inconsistent with its business interests.

**ANSWER:** Paragraph 58 calls for a legal conclusion to which no response is required.

59. Dreyfus breached his common law duty of loyalty and fiduciary duty arising from his employment relationship with Apex by intentionally accessing, downloading, storing, and/or retaining Apex property, in violation of his obligations to Apex, for the express and wrongful purpose of preserving all such information in order to compete against Apex following the resignation of his employment.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 59.

60. While employed by Apex, subject to a reasonable opportunity for investigation and discovery, Dreyfus breached his common law duty of loyalty and fiduciary duty by soliciting

one or more clients and/or employees of Apex for his benefit and the benefit of Assured Partners.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 60.

61. Apex has been damaged by Dreyfus' breach of his fiduciary duty and duty of loyalty.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 61.

### Count VIII – Tortious Interference With Business Relationships.

62. Apex repeats and realleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

**ANSWER:** Defendant incorporates his Answers to Paragraphs 1-61 by reference.

63. Apex and its clients have business relationships.

**ANSWER:** Defendant admits that Apex has a business relationship with its clients.

64. Dreyfus knew or should have known about the business relationships between Apex and its clients.

**ANSWER:** Defendant admits that he knew about the business relationship Apex has with some of Apex's clients. Defendant denies the remaining allegations set forth in Paragraph 64.

65. Dreyfus improperly interfered with the business relationships between Apex and clients.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 65.

66. Dreyfus' interference was not justified.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 66.

67. Dreyfus' interference caused harm to the business relationships between Apex and its customers.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 67.

### Count IX – Defamation.

68. Apex repeats and realleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

**ANSWER:** Defendant incorporates his Answers to Paragraphs 1-67 by reference.

69. Since his resignation, Dreyfus has maliciously communicated falsehoods about Apex for the purpose of diverting business away from Apex and to do business with him at Assured Partners instead.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 69.

70. As a direct and proximate result of Dreyfus' defamatory actions, Apex has suffered damages.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 70.

### AFFIRMATIVE AND OTHER DEFENSES

1. Some or all of Plaintiff's claims are barred and/or subject to dismissal because Plaintiff has failed to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims are barred and/or subject to dismissal because of the statute of frauds.

3. Some or all of Plaintiff's claims are barred and/or subject to dismissal because of the equitable doctrine of waiver, laches, estoppel or acquiescence.

4. Some or all of Plaintiff's claims are barred and/or subject to dismissal because of the equitable doctrines of illegality or unclean hands.

5. Some or all of Plaintiff's claims are barred or subject to dismissal or reduction based on its failure to mitigate damages.

6. Defendants are entitled to a set off.

7. Some or all of Plaintiff's claims are pre-empted by the Indiana Uniform Trade Secrets Act.

## DEFENDANT'S COUNTERCLAIM

1. Defendant/Counterclaim Plaintiff Eric Dreyfus ("Dreyfus") is a citizen of Indiana.

2. Plaintiff/Counterclaim Defendant Apex Benefits Corp. ("Apex") is an Indiana corporation with its principal place of business in Indiana.

3. At all relevant times, Dreyfus was employed by Apex.

4. Initially, Dreyfus received a salary from Apex, however this was changed to a commission-based compensation system under a commission agreement.

5. Dreyfus resigned on or about December 29, 2017.

6. Apex failed to pay Dreyfus the final commissions due in breach of the commission agreement.

7. Dreyfus has been damaged by Apex' failure to pay the commissions owed.

WHEREFORE, Defendant/Counterclaim Plaintiff, Eric Dreyfus, respectfully requests that the Court enter judgment in his favor and against Apex for the full amount of all commissions due.

Respectfully submitted,

DELK McNALLY LLP

/s/ Jason R. Delk
Jason R. Delk, Atty. No. 24853-18
Michael T. McNally, Atty. No. 23676-49
Daniel J. Gibson, Atty. No. 27113-18
*Attorney for Defendant*

610 N. Rangeline Road
Carmel, IN 46033
Telephone: 317/442-4444
Facsimile: 888/453-0545

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 20th day of April, 2018, a copy of the foregoing was served via the Court's ECF Filing System on:

John R. Maley
John.Maley@btlaw.com

Anthony K. Glenn
Anthony.Glenn@btlaw.com

/s/ Jason R. Delk
Jason R. Delk, Atty. No. 24853-18

DELK McNALLY LLP
610 N. Rangeline Road
Carmel, IN 46033
mcnally@delkmcnally.com
delk@delkmcnally.com